Good morning, Your Honors. Dennis Reardon for Petitioner and Appellant Bradley. As the Court is well aware, this case raises two separate constitutional claims, although I suspect that the ultimate resolution of both claims will turn on the Court's view of an extraordinary pretrial hearing that was held from which the defendant was excluded, at which the right to retain counsel was terminated without her either being present or allowed to participate through a legal representative, an attorney who had been retained for that express purpose. As to the broad Sixth Amendment claim, the right to the deprivation of retained counsel, were the facts only those that existed at the time of this hearing? And this is a case in which the appointed counsel who is then in the case has declared a conflict of interest and said he cannot effectively represent his client. Were those the only facts, I think it would be clear that the Court's refusal to permit retained counsel into the case at that point would have been a breach of the Sixth Amendment would be a denial of the constitutional right to retain counsel and a sufficiently egregious denial that it is certainly unreasonable for the purpose of AEDPA. The State will argue, of course, that those are not the only relevant facts. The six weeks advance the assurance that no continuance would be sought, that there is another constellation of facts which justified what I believe is an unprecedented decision. I don't think any of us has found a case where retained counsel comes in six weeks before, says they're ready to try the case, and is not permitted to enter the case. But any argument that there was a compelling purpose in denying retained counsel's entry necessarily turns on the contents of this extraordinary in-camera hearing. And I've never seen anything like it. It's a case in which a prosecutor is vigorously arguing that the Court must terminate the defendant's right to appointed counsel and must appoint a particular counsel. The prosecutor is saying, appoint that gentleman here. I've never seen anything like it in the history of Sixth Amendment jurisprudence. The defendant is not there. She's not allowed to speak, even though the content of that hearing is constantly focused on her. Counsel who's seeking to withdraw is saying, you must terminate her right to retain counsel. Make sure you appoint a lawyer. It's in her best interest to do this. These are her desires. This is what's gone on in the case. Assertions are made about the conduct of her father. All of these are factual, extraordinarily important factual assertions that are going on challenge because no one in that hearing, not the defendant nor her representative, and she had a lawyer there prepared to argue for her Sixth Amendment right. None of those people are allowed to, neither she nor that lawyer, are allowed to speak. And everyone in that room is attempting to terminate her right to retain counsel. As I say, I've never seen anything like it. What right is there to retain counsel who wants out and isn't getting paid? Oh, Your Honor, the right to retain counsel that's being asserted here is not the right to necessarily keep Mr. Steigerwald in the case. The right to retain counsel is the one that was denied when Mr. Jordan comes in fully prepared to try the case. The government will say, however, that in some other circumstance, of course she has a right to Mr. Jordan six weeks before the case. But the contents of that hearing show that things with retained counsel just wouldn't work out. There was nothing to show that he would get paid and you're just back in the same game that she's been going through two or three times previously. So why is that decision by the California Court of Appeal that the trial judge has got some latitude not to let that happen at that point? Unreasonable application of Supreme Court precedent. And what precedent is it? Because if the – if an attorney comes in and says, I've been paid and I'm prepared to try this case on that particular day and I'm prepared to make the financial showing, and the judge says quite literally, we don't need to go there. Did not say that? The judge allowed him to make a showing and he didn't do it. Your Honor. He said what you said he said first, then he said, but go ahead, but make your record. And nothing was adduced. Nothing to this date has been presented, including in the habeas proceeding, to show that he actually would have gotten paid. Well, Your Honor, the court – the first thing that the court says is, you know, I don't need to get into that. And then about one second later in the transcript, he says, but make your record. And, Your Honor, I would submit – Look, that's not my point, all right? Here's my – I mean, my question is, why was the California court of appeal decision saying at that point the trial judge had some wiggle room to say no more games, an unreasonable application of Supreme Court precedent, and what precedent is it? Because, Your Honor, the right to retain counsel absent a compelling purpose is well-established Supreme Court precedent. And, Your Honor, when he – the judge denied it, he denied it on the basis, and the court has just referred to it, problems with funding that were made at this in-camera proceeding where the defense was never allowed to present the fact that Mr. Steigerwald had been well compensated, he had been paid $70,000, that the defense was not allowed to demonstrate that the father of this defendant was not manipulating this process, that there wasn't any attempt to retard it. As I said, I think the validity of any finding that there was a compelling purpose as to Mr. Jordan necessarily turns on the validity of the findings made before Judge Tanzel. And the government itself has just cited the Treadway case in its brief. Treadway says that it is Sixth Amendment constitutional error, this is a Sixth District Court case, to terminate a – Here's – our question is what the U.S. Supreme Court has said. Well, the U.S. Supreme Court has certainly said, Your Honor, it has certainly said that you may not ever hold a proceeding in a criminal case where the defendant has a role to contribute without the defendant there. And that is well-established Federal constitutional law. Absolutely true. And we have a hearing where the defendant's presence was critical if people are making assertions about what she wants and her state of mind and what's going on in her case. But what the assertions were about was about her father, and her father's ability to continue to pay, about her father's tailing the prosecutor, and about her father's interference in then-retained counsel's ability to represent Ms. Bradley. And who would present the other side of that story other than the defendant and the lawyer who had been hired there to represent her for that very purpose? How can we want truth without two sides of the story? There's nobody in that meeting there to refute those allegations, which were in large part false. And the material that demonstrates they're false was presented to the Court of Appeal and was presented to the California Supreme Court, was cited in the petition below, and has never been refuted by the state. The best they can say is that, well, why wasn't that presented in the trial court record? And the answer, of course, is they weren't permitted to present it, nor were they even permitted before the trial ended to find out what had been said behind this closed door. That, I submit, Your Honor, is an unreasonable application for well-established Supreme Court precedent. I say only a minute and a half, and I'll reserve that for a little while. Shirley. That was just one of those. Okay. You can go ahead as long as you want. Morris Bates for Respondent, Your Honor. There are two issues, both in her lap. One is the presence error issue. The defendant was just ---- Counsel, there were certain things that took place at that meeting where she was not there. Correct. That not only involve the possibility of a Sixth Amendment violation, but there was also a threat of personal safety involved. That's correct. Now, what do you think that happened? What do you think the result of that concept, that if you keep returning, if you don't get rid of this attorney, your life may be in danger? Well, first of all, the ---- I don't think so, Your Honor. It was close to it, though, didn't it? There was an in-camera discussion with respect to the problems associated with representing the defendant in this case. The two attorneys wanted withdrawal. They wanted to get out of that case. They were concerned about their safety. Have you ever heard of a contract case in which the two parties have a difficulty? And one party walks into the judge and says, Judge, I want out of this contract. And the other party is not there. There's never any pleadings. Never heard of the darn thing. And the judge says, yeah, you're out of the contract. Has that ever happened in American jurisprudence in your life? I don't know, Judge, but it certainly hasn't. Has it ever happened in contract law? I don't know, Judge. One party can walk in and void a contract without the other party being sued? If it's obvious, you can say, no, it never happened. You don't have to edge around it. Just answer it. No, it never happened. No, it never happened. Okay. But it also never happened. It was a similar situation. It was never associated or connected or in any way affected an AEDPA case, which is what we have here. The issue here is present error. Just a minute, Mr. Bialik. Here you have a situation where the defendant is excluded from a hearing as to her counsel. A critical stage is reached, and she's not there. How can you defend it? First, it is not a critical stage. Second, there was no constitutional right implicated by that hearing. You mean the moment that counsel is chosen is not a critical stage? If we're talking about a motion by an attorney who doesn't want to represent you to get out. No, the choice of counsel at that moment. The choice of counsel issue is different. We're talking about the failure or the absence of the defendant to be present at a conference in which the attorneys who are representing her wanted to withdraw. He wanted to get out of his contract. Exactly. And how can you get out of a contract unless you have a trial? The court parties are heard. I have no question that she may want to sue them. The question here is whether you can overturn a State judgment with respect to the failure to be present at a hearing in which the defendant has no constitutional right. There is no constitutional right to an attorney who doesn't want to represent you. Just take the landlord-tenant situation. The landlord goes into the judge and says, I'm going to kick this guy out of my apartments. The judge says, okay, he's kicked out. Right. No constitutional violation? I don't know, Judge. Certainly there may be. Ever heard of due process of law? Well, in this particular instance, the question then is whether she has a constitutional right to be present. Is there a critical, is this a critical proceeding by which under the AEDPA she is required as a matter of constitutional law to be present? When lawyers seek to withdraw from representation, there's no contract violation, Your Honor. Why isn't there? That's a contract. When I hire a lawyer, there's a contract between me and the lawyer. What in the contract precludes somebody from going to the court and asking to be able to remove himself or herself from representation in this case? You don't have a constitutional right to force a lawyer to represent you. There is no law that I'm aware of. There's no court. It's a free enterprise system, and the government can say you can avoid a contract because one guy doesn't like it. Well, I would be very pleased to, and I would concede the issue if you found this. Are we talking contract law or are we talking the Constitution? I believe we are, Your Honor, and as I understand it. Which one is it? Are we talking contract law or are we talking the Constitution? We are talking constitutional law. We're talking about due process. We are talking, yes, due process is part of the Constitution. And under the law that I understand established by the United States Supreme Court, there is no right by a defendant to have an attorney who doesn't want to represent her have to represent her. And as a result, and even if you assume that there was error, what is the prejudice? Because this is not structural error. There has to be prejudice in order to gain relief under the AEDPA. If she wasn't present during a proceeding in which a lawyer was asking to be removed from the proceeding as her attorney, what is the prejudice? There is none. She had another attorney appointed. She was represented throughout the entire trial. She has never claimed at any proceeding, state or federal, that there was ineffective assistance of counsel or that there was ever any error during the trial itself. She got a fair trial. She was 18 years old. And you read the record, nobody cared a darn about her. Your Honor, if you read the transcript. Nobody cared, except her dad, who was probably a very aggressive, tough, domineering person. If you read the transcript. Somebody had to come to her aid someplace. Of that in-camera hearing, Your Honor, you'll find that every attorney past, present, and future who represented her were concerned about her interests. Was the prosecution concerned about her? They were concerned about the safety of their prosecutor. Who knew that she was incarcerated mentally, very badly? Your Honor, the attorneys who represented her, again, past, present, and future. There were four in that in-camera hearing. Two who were trying to get out, but who represented her in the past. Two who were going to be appointed to represent her in the future. All of them were concerned about her interests. If she wanted a lawyer and you said you can't have her. Right. Did she have a right to? Or you worried about her welfare. Okay. We know, Your Honor, we know that there was no constitutional right, there is no constitutional right, to have a lawyer represent you who doesn't want to represent you. We know that because there are two Supreme Court cases that say that. Wheat and Kaplan and Drysdale. Both of them reflect the obvious proposition that you're entitled to an attorney, but not an attorney who doesn't want to represent you. What was the excuse for excluding her from the conference to dispose of her lawyer? I believe they were concerned about security, safety. I believe there was all sorts of. What does that mean? What was the security problem? The father. Well, couldn't they have court offices? They didn't have to have the father, they just had to have the daughter. Well. What was the problem? I can't see it. Can you spell it out? The problem. You can't just muddle security and say that's the reason. Well, again. Specifically, what was the reason? The reason was to ensure that the case would be safely and securely processed. To ensure that the defendant would be fairly represented. That's an incredible statement. It isn't, Your Honor. To expose the defendant so she would be safely represented. She was. It's a made up excuse. I don't believe it was. What was the security danger of having her there? The security danger of having her there was her telling her father what was happening. Who then, apparently, from what we read in the transcript, do things that were very questionable. You couldn't secure the courthouse? Pardon? You couldn't secure the courthouse? Well, we don't know about securing the courthouse, but I think they were concerned about securing the safety of people who were involved in this case. We know that was just a speculation thrown out.  People. Well, there was information, Your Honor. It's in the record. It's part of the record. There was a discussion on the record with respect to the security of the prosecutor. It was said it was a security danger, but what was it? We don't know. Well, we don't know, but we also know that there was all sorts of problems associated with money, with paying. There was also problems associated with the continuances. The father was, in some way, at least according to every attorney who was retained by him and been involved with him, undermining the benefits of the judicial system for his daughter. The judge had a difficult problem. He didn't solve it very well. He may have solved it. Let's assume that he didn't solve it. What is the basis for relief? There is no structural error here under any established law. No structural error. She's not present at a critical stage. Not present at a critical stage. But the critical stage, Your Honor, also has to affect the fairness of the proceedings. And she had a fair trial. There's no question about that. There was no ineffective assistance of counsel. There was no error even ever alleged with respect to the trial itself. A critical stage in a proceeding, Your Honor, is the first stage. The next one is if the absence of that defendant at that critical stage affected the fairness of the proceedings, then you've got an error. You've got a constitutional error. We don't have that here. But even if we had that, Judge, there is no basis under established United States Supreme Court law that makes this structural error. As for choice of counsel under, again, established United States Supreme Court law. Was it trial error? There are two kinds of errors, aren't there? Or are there more than two? Structural error and trial error. This wasn't trial error by no means because it wasn't a trial. I don't believe there was. So then it has to be structural error, doesn't it? Well, trial error. Is there another kind of error? Is there a third kind of error? Well, there are errors associated with the judicial proceeding, which doesn't necessarily involve structural error. In fact, most of them do not. If you have an evidentiary error, for example, in a preliminary hearing, does that mean the entire case goes down the tubes? If you have an error during motions of one kind or another, that doesn't mean that there's structural error requiring a reversal of the entire decision. No. The answer to your question is absolutely no. No? No. Simple answer, but that, I think, is the correct one. Okay. And as for the presence of or as a choice of counsel, this is one where the issue is complex. So there was an attorney who was retained after three years. And I think he was ninth or tenth attorney who had been involved in this case over three years. There had been so many substitutions. There had been so many continuances. Three years after the information had been filed, the equivalent of the indictment. And there was still no trial. The trial had been set, and 45 days before the trial, another motion to substitute counsel. Hearings had 35 days before that. The defendant, she said she didn't know whether there was money available for him. The history of that case had involved lawyer churning for three years. I think we have two digits in terms of number of lawyers who had been involved in this case over three years. The judge who heard the motion for substitution was very concerned and for obvious reasons. There is no unequivocal constitutional right to choice of counsel. You have a constitutional right to choice of counsel, but you also have the court needing to preserve the integrity of the judicial system. And courts are often wary of the ploy to affect a delay or hinder the efficient administration of justice. Those courts have substantial latitude in granting right of counsel of choice. There is no unequivocal, unconditional right to choice of counsel. In fact, in Nieder v. United States, it was very clearly established that under established United States Supreme Court law, a defendant has a right to counsel at trial. But here, counsel was available at trial. There was no deprivation, total deprivation of counsel. Only if there's a total deprivation of counsel is there a structural error, and there was none here. So to the extent that there was an error, which I doubt, which I dispute, there is no basis for structural error under established U.S. Supreme Court law. I'm sorry. We have to let you go forward beyond your time because members of the Court had questions, but I think they've been answered. So we'll turn to Mr. Worden and we'll equalize the time. So if you wish to take a few more minutes. Please do. Very quickly, Your Honors. This was not a hearing simply to have counsel withdraw. I quote the prosecutor there saying, Obviously, I agree with Ms. Dunleavy, who was the defendant's prior retained counsel. It has to be appointed counsel. So Ms. Dunleavy is saying terminate the right to retain, constitutional right to retain counsel. The prosecutor of all people is saying terminate the right to, the defendant's right to retain counsel. That is a hearing if his federal constitutional right is to be terminated at which the defendant has an absolute constitutional right to be present. It is a critical stage of the trial. At that hearing, I submit, allegations were made that were complete rubbish. They were absolutely false. The security threat was false. The assertions made about the defendant's wishes were false. The Court can fairly say, as it often does in the case, Counsel, you're making assertions. Where is your showing in the record? That's precisely the point. There is no showing in the record that this security stuff was complete rubbish because no one was there to present that side of the truth to the Court. So it's a critical stage. False allegations are being made. They can't be refuted. The question is prejudice. The prejudice here, aside from this being structural error, simply because it denied the defendant the ability to make the proper record, is this. As a result of that hearing, the defendant was forced to trial with appointed counsel who had told the Court, I cannot defend this person adequately, as opposed to retain counsel. The reason we have a constitutional right to retain counsel is that the Constitution believes that you're better defended with someone you choose and represent if you have the ability to hire them. So this Court would have to declare that in any situation, no matter how blatantly the right to retain counsel is violated, it is harmless, provided you have appointed counsel, which would render the constitutional right to retain counsel nuggetory because without a remedy, there is no right. There would never be a right for the violation of retained counsel such as occurred here. And certainly, if there ever was going to be a harmless case, it's not one in which the appointed counsel has said to the Court on the record, by the way, I cannot adequately defend this person. I don't have her confidence. She didn't get to testify, which is something that would have happened, I believe, if she had been represented by retained counsel that she had confidence in. And I thank the Court for its ---- What would you say is your best Supreme Court case whose application was wrongly made by the State court? On which point, Your Honor? On the ---- They're not being present at the critical stage. Well, you know, the Supreme Court has said again and again a critical stage. One, it said you don't need the exact matrix of facts to have a violation. You can have an unreasonable application. It has said again and again in Keducky v. Stintzer and other cases that a critical stage at which you have a right to be present is any stage where the presence of the defendant or through his counsel would make a difference. And so under those cases and, you know, this Court's own decisions, any case in which there is a going to be a decision as to whether you have right to retain counsel or appointed counsel has to be a critical stage. I'd rely on Stintzer. It's very natural for counsel here to cite our cases, but in the end we have to cite some Supreme Court case. And it's not our interpretations. It's what the Supreme Court has said in the holding. And what would you say the holding was that was violated? Well, it ---- I would ---- well, Your Honor, in United States v. Getters, the Supreme Court held that the rupture of contact between a counsel and his defendant, even overnight, an overnight session, he's on the stand, they say you can't talk to your lawyer, is a per se violation of the right to counsel that requires immediate reversal. Under Getters, we have a stage here. That's an overnight conference that doesn't even involve a court proceeding. We have a court proceeding where the right to counsel is being violated. So I would submit that Getters, along with Stintzer, is an excellent Supreme Court authority on this point. Thank you, Your Honor. Thank you, counsel. The matter just argued will be submitted next to argument in agassiz.
judges: Ferguson, Noonan, Rymer